UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-cr-0179-WTL-DML |
| | ) | |
| DAVID A. GRICE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 16, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 6, 2016 and a Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on November 15, 2016.  Defendant Grice appeared in person with his appointed counsel Mario Garcia.  The government appeared by Brad Blackington, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Grice of his rights and ensured he had a copy of the Petition and the Supplemental Petition.  Defendant Grice waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Grice admitted violations 1 and 3. [Docket Nos. 4 and 9.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1   **"The defendant shall be monitored by Global Positioning (GPS) Monitoring for a period of up to 180 days, to commence as soon as possible, and shall abide by all technology requirements. The defendant shall pay all costs of participation in the program as directed by the court or probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release: the defendant shall be restricted to h[is] residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as preapproved by the probation officer."**

On September 6, 2016, at approximately 2:37 p.m., the offender appeared to have cut off his Location Monitoring GPS tracker. At 2:37 p.m., a Tracker Strap Tamper Alert was generated. The offender has failed to respond to attempts to reach him by cell phone and has failed to acknowledge audio messages sent to his tracker. The offender was instructed to report to the probation office at 2:00 p.m. on September 6, 2016, but he failed to report as directed. The offender appears to have absconded from supervision.

3   **"The offender shall not leave the judicial district without the permission or the Court or the probation officer."**

David Grice had been reported as an absconder from supervision since September 6, 2016. The offender was arrested in Beaumont, Texas, on October 19, 2016. He did not have permission of the probation officer or Court to be out of the district.

4. The government orally moved to dismiss violations 2, 4, and 5 and the same was granted.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of 21 months with 39 months of supervised release to follow. This is a joint recommendation of an upward departure. Both Defendant and his counsel consented on the record to the upward departure from the guideline range. Defendant agreed to the upward departure from the guideline range in exchange for the government's agreement to dismiss violations 2, 4 and 5, each of which violations charged the commission of a crime while on supervised release. Violations 2, 4 and 5 were each Grade B violations carrying a possible range of imprisonment upon revocation of 21 to 27 months. Based upon the representations and agreement of the parties, the Magistrate Judge recommends acceptance of the proposed upward departure from the guideline range of imprisonment.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated conditions 1 and 3 in the Petition and the Supplemental Petition, and recommends that Defendant's supervised release be **REVOKED**, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with thirty-nine (39) months of supervised release to follow. In addition to the mandatory conditions of supervision, Magistrate Judge recommends that the following conditions of supervised release be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. **Justification:** *This condition is an administrative requirement of supervision.*

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. **Justification:** *This condition is an administrative requirement of supervision.*

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. **Justification:** *This condition is aimed at reducing the risk of recidivism for public safety.*

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. **Justification:** *This condition is an administrative requirement of supervision.*

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. **Justification:** *This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.*

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

13. You shall participate in a substance abuse or alcohol treatment program approved by

the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). **Justification:** *This condition will address the defendant's history of substance abuse.*

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. **Justification:** *This condition will address the defendant's history of substance abuse.*

15. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption. **Justification**: *The defendant has a history of substance abuse. This condition will deter any use of psychoactive substances and assist in relapse prevention.*

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. **Justification:** *This condition will help ensure compliance with a drug-free lifestyle.*

17. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment and substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.

18. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

19. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer. These two conditions are based on the offender's criminal history.

20. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

21. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be

5

    searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

22. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

23. You shall not engage in an occupation, business, profession or volunteer activity that would require or enable you to have fiduciary responsibility or access to any personal identification information during the term of supervision without prior approval of the probation officer. You shall notify any potential employer of your federal conviction.

Defendant reviewed conditions 1 through 19, as set forth in the Revocation Parameters Worksheet, and they were reviewed by Defendant with his attorney. Defendant, on the record, waived reading of conditions of supervised release nos. 1 through 19. Conditions of supervised release nos. 20 through 23 were reviewed and read on the record.

    Defendant Grice is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge recommends that the Court make a recommendation of placement at FCI Florence, Colorado; however, **Defendant should not be placed at FCI Terre Haute, Indiana**.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  18 NOV 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal